UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-288 (PJS)

UNITED STATES OF AMERICA,

Plaintiff,

v.

CALEB VINCENT MCLAUGHLIN,
a/k/a "Jake Benson,"
a/k/a "Lift11,"
a/k/a "Tech4cm,"

Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and Defendant Caleb Vincent McLaughlin (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.     **Charges.** The defendant agrees to plead guilty to Counts 1 through 5 of the Information. Counts 1 and 2 charge the defendant with Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e). Count 3 charges the defendant with Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). Count 4 charges the defendant with Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). And Count 5 charges the defendant with Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). The defendant fully



SCANNED
OCT 11 2023
U.S. DISTRICT COURT MPLS

understands the nature and elements of the crimes with which he has been charged. In exchange for the defendant's guilty plea to Counts 1 through 5 of the Information, the United States agrees that it will not seek to prosecute the defendant for other conduct directly learned from the investigation known to the U.S. Attorney's Office at the time of entry of this plea agreement.

2.     **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Counts 1 through 5 of the Information. In pleading guilty, the defendant agrees that the allegations in the Information, incorporated herein by reference, and the following summary, fairly and accurately set forth the defendant's offense conduct and a factual basis for his guilty plea. The defendant further admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

a.     The defendant admits that he resided in the State and District of Minnesota at all relevant times. The defendant admits that from in or about January 2019 through in or about June 2023, the defendant used Snapchat accounts "lift11" and "tech4cm," along with other internet-based applications, social media services, and text message, to engage minor girls in sexually-focused conversations. The defendant knew many of the minor girls' ages because the girls told MCLAUGHLIN their ages, and/or because their ages were posted, and/or because their ages were apparent from their social media profiles. The defendant acknowledges that many of the girls were between the ages of 11 to 16 years of age.

2

b.     The defendant admits that he used fake identities, such as "Jake Benson," and lied about his age in communications with minor girls to pose as someone younger, including often posing as a fellow teenager.

c.     The defendant admits that he attempted to and did knowingly employ, use, persuade, induce, entice, and coerce at least 14 minor girls located in Minnesota, and a number of minor girls yet to be identified located in Minnesota, North Dakota, and elsewhere, to create and send him images and videos of themselves engaging in sexually explicit conduct. Also, the defendant admits he received sexually explicit images and videos from minor victims and disseminated those images and videos to other minor girls to further his sexual conversations with those girls. Additionally, the defendant admits that he distributed minor victims' sexually explicit images and videos to other Snapchat and social media users.

d.     Further, from at least August 2020 through in or about November 2022, the defendant attempted to and did knowingly groom, persuade, induce, entice, and coerce multiple minor victims to produce child pornography and engage in sexual activity with the defendant, which under such circumstances would constitute a criminal offense. The defendant furthered his scheme by providing the minor girls with money, alcohol, vapes, and gifts.

e.     *Count 1 and Minor Victim 1.* The defendant admits that on or about October 11, 2022, the defendant knowingly employed, used, persuaded, induced, enticed, and coerced a pubescent girl, Minor Victim 1, approximately 15 years old, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

3

The defendant used a cell phone to record a video file named "IMG_0874.mov." This video file is approximately one minute, 18 seconds in duration and depicts the defendant engaged in vaginal intercourse with Minor Victim 1 in a vehicle using an apparent prosthetic penis. The defendant is seen pulling Minor Victim 1's hair and slapping her bare buttocks hard enough to leave a red mark. The video file was created and stored on his Apple iPhone, which the defendant acknowledges was mailed, shipped, or transported in interstate or foreign commerce.

        f.     *Counts 2 and 4 and Minor Victim 2.* The defendant admits that on or about November 4, 2022, the defendant knowingly employed, used, persuaded, induced, enticed, and coerced a pubescent girl, Minor Victim 2, approximately 14 years old, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. The defendant used a cell phone to record a video file named "IMG_1127.mov." This video file is approximately one minute, two seconds in duration and depicts the defendant forcing Minor Victim 2 to perform fellatio on an apparent prosthetic penis. The defendant is seen forcing the back of her head down on to the item while she gags and while the defendant slaps her cheek. The visual depiction was created and stored on his Apple iPhone, which the defendant acknowledges was mailed, shipped, or transported in interstate or foreign commerce.

        Further, the defendant admits that, on or about November 21, 2022, he knowingly distributed a video file via text message containing visual depictions that had been transported using a means and facility of interstate commerce, including by cell phone, and in and affecting interstate commerce, where the production of such visual

depictions involved the use of a minor engaging in sexually explicit conduct and such depictions were of such conduct. The depiction was a video file named "IMG_1126.mov." This video file is approximately 36 seconds in duration and depicts the defendant forcing Minor Victim 2 to perform fellatio on an apparent prosthetic penis, and the defendant is seen pushing the back of her head down on to the item.

g. *Count 3 and Minor Victim 3.* On or about July 31, 2021, the defendant admits he knowingly directed Minor Victim 3, approximately 14 years old, to "make [him] horny" via "pics," and received a file from Minor Victim 3 via Snapchat containing visual depictions that had been transported using a means and facility of interstate commerce, including by cell phone, and in and affecting interstate commerce, where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such depictions were of such conduct. The depiction was a video file named "b~EiQSFVhaUndpcjc2aW5HZjRGWGgzcjZOThoAGgAyAQNIAlAEYAE~v4.mp4." This video file is approximately nine seconds in duration. It depicts a closely framed view of a pubescent girl, Minor Victim 3, masturbating and inserting fingers into her vagina.

h. *Count 5 and Minor Victim 4.* The defendant admits that, beginning on November 9, 2019, through in or about October 2020, he communicated on Snapchat with Minor Victim 4, who was approximately 14-15 years old at the time and who told the defendant her true age. The defendant acknowledges Minor Victim 4 has developmental and cognitive delays. The defendant admits he purported to be 17 years old and named "Jake." The defendant admits he used a facility and means of interstate and foreign commerce, namely, the internet, to knowingly persuade, induce, entice, and coerce Minor

5

Victim 2 to engage in sexual activity which under such circumstances would constitute a criminal offense. The defendant admits he messaged Minor Victim 4 that he would video chat with her if they were naked and discussed sexual contact with dogs. The defendant admits during this time that he had vaginal intercourse with Minor Victim 4 at her residence. This conduct was in violation of federal and Minnesota law, as described in Count 5 of the Information.

      i.    *Additional Known Minor Victims 5 through 14 and Unknown Victims.*

The defendant agrees and stipulates that additional victims of his criminal scheme are relevant for purposes of the Guidelines. To date, the United States has identified at least 14 minor girls who the defendant solicited and enticed to engage in unlawful sexual acts when they were between the ages of 11 to 16 years old. The United States believes there are many more as-yet unidentified minor victims of the defendant's scheme, as indicated in the discovery in both the United States and defendant's possession. At the time of this filing, the United States is aware of several additional unidentified minor victims depicted in child pornography images stored in the defendant's Snapchat, and attempts to fully identify these victims are ongoing. The defendant acknowledges that, from at least January 2019 through June 2023, he engaged in an ongoing scheme using the internet to solicit and entice minors to engage in unlawful sexual acts with him, and to produce and receive child pornography from other minor victims. Additional identified victims include:

- Minor Victim 5 was 13 years old in September and October 2020 (and identified her age as 13 to the defendant) when the defendant directed her to produce child pornography images of herself.

- Minor Victim 6 was 14 years old in May 2020 when the defendant first messaged her on Snapchat, leading to the defendant picking her up and driving to a nearby residence to have vaginal intercourse with her.

- Minor Victim 7 was approximately 11-12 years old in 2020 and 2021 when the defendant contacted her on Snapchat to ask if she wanted to "make money" sending him sexually explicit images and videos.

- Minor Victim 8 was 13 years old in June and July 2022 when the defendant contacted her on Snapchat, sending her a CashApp payment in exchange for photos of herself and offering her $200 to have sex with him.

- Minor Victim 9 was 12 years old in September 2019 when the defendant contacted her on Snapchat, soliciting her for a sexual encounter and offering her money and drugs.

- Minor Victim 10 was 15 years old in January 2020 when the defendant contacted her on Snapchat for a sexual encounter and from whom the defendant received child pornography.

- The defendant admits he committed similar exploitative conduct with Minor Victim 11, Minor Victim 12, Minor Victim 13, and Minor Victim 14.

3.      **Stipulation Regarding Additional Offenses.** The defendant agrees that the Information does not fully encompass the extent of his criminal conduct. The defendant agrees that he is culpable for similar conduct as described in the Information involving minor victims other than the minors identified in the Information, as described above. Pursuant to U.S. Sentencing Guidelines § 1B1.2(c), the defendant stipulates to the facts in the Information, in the factual basis section above, and in this paragraph. The defendant further understands and agrees that the conduct involving victims identified in Paragraph 2, subparagraph (i), shall be treated as separate counts of conviction and may therefore result in an increase in the applicable offense level under the U.S. Sentencing Guidelines beyond the parties' stipulations described below. The defendant acknowledges that the

7

applicable offense level may exceed the maximum of 43. Should the adjusted offense level in the defendant's presentence investigation report fall below 43, the Government reserves the right to prove up each of the additional offenses committed against the additional stipulated minor victims. The defendant acknowledges that the United States and the Court have an obligation to accurately calculate the applicable guideline range, and that it shall not be a breach of this agreement for the United States to advocate for an applicable offense level based on conduct involving additional victims not identified in the Information or factual basis above. Further, the defendant understands and agrees that he will not be permitted to withdraw from the plea agreement if such stipulations or the identification of additional victims results in a higher applicable offense or guideline range. Such conduct may also impact the factors considered in fashioning an appropriate sentence under 18 U.S.C. § 3553(a).

4.     **Waiver of Indictment.** The defendant waives the right to be charged by Indictment. The defendant consents to the filing of a criminal Information and agrees to sign a written waiver of this right to be indicted by a grand jury at the change of plea hearing.

5.     **Waiver of Pretrial Motions.** The defendant understands and agrees he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up his right to file and litigate pretrial motions in this case.

8

6.    **Waiver of Constitutional Trial Rights.**  The defendant understands that he has the right to plead not guilty and go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses and subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant specifically and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

7.    **Additional Consequences.** The defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

8.    **Statutory Penalties.**

a.    The defendant understands that Counts 1 and 2 of the Information (Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e)) are felony offenses that each carry the following statutory penalties:

1) a mandatory minimum of 15 years in prison;

2) a maximum of 30 years in prison;

9

3) a supervised release term of at least five years, up to a maximum supervised release term of life;

4) a maximum fine of $250,000;

5) payment of mandatory restitution in an amount to be determined by the Court;

6) a mandatory special assessment of $100 per Count under 18 U.S.C. § 3013(a)(2)(A);

7) a mandatory assessment of $5,000 to the Domestic Trafficking Victims' Fund, if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014; and

8) an assessment, pursuant to 18 U.S.C. § 2259A(a)(3) of not more than $50,000, depending on the defendant's ability to pay.

    b.    The defendant understands that Count 3 of the Information (Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1)) is a felony offense that carries the following statutory penalties:

1) a mandatory minimum of 5 years in prison;

2) a maximum of 20 years in prison;

3) a supervised release term of at least five years, up to a maximum supervised release term of life;

4) a maximum fine of $250,000;

5) payment of mandatory restitution in an amount to be determined by the Court;

6) a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

7) a mandatory assessment of $5,000 to the Domestic Trafficking Victims' Fund, if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014; and

8) an assessment, pursuant to 18 U.S.C. § 2259A(a)(3) of not more than $35,000, depending on the defendant's ability to pay.

10

      c.      The defendant understands that Count 4 of the Information (Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1)) is a felony offense that carries the following statutory penalties:

          1)  a mandatory minimum of 5 years in prison;

          2)  a maximum of 20 years in prison;

          3)  a supervised release term of at least five years, up to a maximum supervised release term of life;

          4)  a maximum fine of $250,000;

          5)  payment of mandatory restitution in an amount to be determined by the Court;

          6)  a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

          7)  a mandatory assessment of $5,000 to the Domestic Trafficking Victims' Fund, if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014; and

          8)  an assessment, pursuant to 18 U.S.C. § 2259A(a)(3) of not more than $35,000, depending on the defendant's ability to pay.

      d.      The defendant understands that Count 5 of the Information (Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b)) is a felony offense that carries the following statutory penalties:

          1)  a mandatory minimum of 10 years in prison;

          2)  a maximum of life in prison;

          3)  a supervised release term of at least five years, up to a maximum supervised release term of life;

          4)  a maximum fine of $250,000;

          5)  payment of mandatory restitution in an amount to be determined by the Court;

6) a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A); and

7) a mandatory assessment of $5,000 to the Domestic Trafficking Victims' Fund, if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014.

9.    **Guideline Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a.    The parties agree that the following Chapter 2 provisions apply:

        1) **Production of Child Pornography (Counts 1–2):**

            a) Base Offense Level. The parties agree that the base offense level for production of child pornography is **32**. U.S.S.G. § 2G2.1(a).

            b) Specific Offense Characteristics. The parties agree that the following upward adjustments to the offense level apply for each Count:

                i.    **2 levels** because the offense involved a minor victim who was older than 12 years old and younger than 16 years old (U.S.S.G. § 2G2.1(b)(1)(B));

                ii.   **2 levels** because the offense involved the commission of a sexual act or sexual contact (U.S.S.G. § 2G2.1(b)(2)(A));

                iii.  **2 levels** because the defendant knowingly engaged in distribution. U.S.S.G. § 2G2.1(b)(3);

                iv.   **4 levels** because the offense involved material that portrays sadistic and masochistic conduct and other depictions of violence. U.S.S.G. § 2G2.1(b)(4)(A);

v. **2 levels** because the offense involved the knowing misrepresentation of the defendant's identity in order to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct, or use of a computer or interactive computer service to persuade, induce, entice, coerce . . . a minor to engage in sexually explicit conduct. U.S.S.G. § 2G2.1(b)(6)(A)-(B); and

c) <u>Total Offense Level.</u> According to the foregoing, the total offense level would be **44**.

2) **<u>Receipt of Child Pornography (Count 3) and Distribution of Child Pornography (Count 4):</u>**

a) <u>Base Offense Level</u>. The parties agree that the base offense level for receipt of child pornography and distribution of child pornography is **22**. U.S.S.G. § 2G2.2(a)(2).

b) <u>Specific Offense Characteristics</u>. The parties agree that the following upward adjustments to the offense level apply for the grouped Counts:

i. **7 levels** because the offense involved distribution to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct. U.S.S.G. § 2G2.2(b)(3)(E);

ii. **4 levels** because the offense involved material that portrays sadistic and masochistic conduct and other depictions of violence. U.S.S.G. § 2G2.2(b)(4)(A);

iii. **5 levels** because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. U.S.S.G. § 2G2.2(b)(5);

iv. **2 levels** because the offense involved the use of a computer or an interactive computer service. U.S.S.G. § 2G2.2(b)(6); and

v. **5 levels** because the offense involved 600 or more images. U.S.S.G. § 2G2.2(b)(7)(D).

c) <u>Total Offense Level.</u> According to the foregoing, the total offense level would be **45**.

3) **Coercion and Enticement of a Minor (Count 5)**

    a) Base Offense Level. The parties agree that the base offense level for coercion and enticement of a minor is **28**. U.S.S.G. § 2G1.3(a)(3).

    b) Specific Offense Characteristics. The parties agree that the following upward adjustments to the offense level apply:

        i. **2 levels** because the offense involved the defendant's knowing misrepresentation of a participant's identity to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct. U.S.S.G. § 2G1.3(b)(2)(A);

        ii. **2 levels** because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct; and entice, encourage, offer, or solicit engagement in prohibited sexual conduct with the minor. U.S.S.G. § 2G1.3(b)(3); and

        iii. **2 levels** because the offense involved the commission of a sex act or sexual contact. U.S.S.G. § 2G1.3(b)(4).

    c) Total Offense Level. According to the foregoing, the total offense level would be **34**.

b.   Grouping. Under U.S.S.G. § 3D1.2(c), one count of Production of Child Pornography (Count 2), Receipt of Child Pornography (Count 3), and Distribution of Child Pornography (Count 4) group because the Production of Child Pornography count embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to Receipt and Distribution of Child Pornography. The remaining counts do not group under U.S.S.G. § 3D1.2(a)-(d).

Pursuant to § 3D1.4, the combined offense level is determined by taking the offense level applicable to the group with the highest offense level and increasing that by the appropriately weighted number of units. Here, the combined offense level **(45)** is increased pursuant to a multiple count adjustment of **2 levels** under § 3D1.4. The

parties understand that if at least a 2-level adjustment applies, then the combined offense level may be **47 (45 + 2)**.

c. Chapter 3 Adjustments. The parties agree that, other than acceptance of responsibility and grouping, no other Chapter 3 adjustments apply.

d. Repeat and Dangerous Sex Offender Against Minors. The parties agree that a **5-level** upward adjustment applies to each of the above calculations because the instant offenses include covered sex crimes, neither U.S.S.G. §§ 4B1.1 nor 4B1.5(a) apply, and the defendant engaged in a pattern of activity involving prohibited sexual conduct. U.S.S.G. § 4B1.5(b)(1).

e. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a **2-level** reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional **1-level** reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the presentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

f. Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category **I**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals

15

        any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

g.     <u>Guidelines Range</u>. If the combined adjusted offense level is the maximum **43 (47 + 5 − 3 = 49, reduced to 43)**, and the criminal history category is **I**, the Sentencing Guidelines recommend a term of life imprisonment. U.S.S.G. Ch. 5, Pt. A. The defendant understands that the statutory mandatory minimum sentence in this matter is **15 years (180 months).**

h.     <u>Fine Range</u>. If the adjusted offense level is the maximum **43**, the fine range is $50,000 to $500,000. U.S.S.G. § 5E1.2(c)(3).

i.     <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least five years, up to a maximum supervised release term of life. U.S.S.G. § 5D1.2(b)(2); *see* 18 U.S.C. § 3583(k). The parties agree to recommend a life term of supervised release.

10.    **Revocation of Supervised Release.** The defendant understands that if he were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

11.    **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory, and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable

Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

12.     **Agreements as to Sentencing Recommendation.** Based on the information currently known, the United States agrees it will not argue for a sentence higher than 420 months' imprisonment, and the defendant agrees that he will not argue for a sentence lower than 240 months' imprisonment. Additionally, the parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

13.     **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees that the $500 special assessment under 18 U.S.C. § 3013 is due and payable at the time of sentencing. The defendant also understands that the Court may impose special assessments of $5,000 payable to the Domestic Trafficking Victims' Fund, 18 U.S.C. § 3014, and up to $50,000 pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018,

17

18 U.S.C. § 2259A(a)(3). Imposition of these special assessments is guided by the factors set forth in 18 U.S.C. §§ 3553(a) and 3572, including the defendant's ability to pay.

14.    **Restitution Agreement.**  The defendant understands and agrees that 18 U.S.C. §§ 2248, 2259, and 3663A(a)(3) apply in this case and that the Court is required to order the defendant to make restitution to the victims of the defendant's offenses. The parties agree that the amount of restitution owed will be determined using 18 U.S.C. §§ 2248 and 2259 to reflect the full amount of the victim's losses. At present, there is no agreement as to the amount of restitution owed to the minor victims. The parties will attempt to reach an agreement before sentencing. If the parties cannot reach an agreement as to restitution at least 14 days before sentencing, the Government will request that an evidentiary hearing be held at the time of sentencing.

15.    **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution, fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial

18

obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

16.     **Sex Offender Registration.** The defendant understands that by pleading guilty, he will likely be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he may be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. *See* 18 U.S.C. § 2250, 34 U.S.C. § 20929.

17.     **Forfeiture.**  Pursuant to 18 U.S.C. § 2253(a) for Counts 1 through 4, and pursuant to 18 U.S.C. § 2428(a) for Count 5, the defendant understands and agrees that the following property is subject to forfeiture:

  a. any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

  b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

  c. any property, real or personal, used or intended to be used to commit or to promote (or, for Count 5, to facilitate) the commission of such offenses, or any property traceable to such property.

The defendant agrees that the property subject to forfeiture includes but is not limited to:

  a. Apple iPhone SE, model D79AP, IMEI: 356552965917636; and

  b. Black Ford Mustang GT 5.0, bearing VIN 1ZVBP8CF3C5206565.

19

The defendant agrees that these items are subject to forfeiture because they were used to commit Counts 1 through 5 of the Information and related stipulated conduct in Paragraph 2. The United States reserves the right to seek forfeiture of substitute assets and to forfeit additional directly forfeitable property. The defendant waives any right to the return of any digital data contained on the electronic devices that are subject to forfeiture.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds.

18.     **Waiver of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence, restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by the defendant of the substantive reasonableness of a term of imprisonment above 420 months' imprisonment. The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below 240 months' imprisonment. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

19.   **FOIA Request Waiver.**  The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

20.   **Complete Agreement.**  The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: 10/11/2023

BY:   HILLARY A. TAYLOR
RACHEL L. KRAKER
Assistant United States Attorneys

Date: 10/16/2023

CALEB VINCENT MCLAUGHLIN
Defendant

Date: 10/10/23

JILL A. BRISBOIS
Counsel for Mr. McLaughlin